# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STEVEN HALTER, | ) |
| | ) |
| Movant, | ) |
| | ) |
| | ) No. 4:15CV1050 CEJ |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent, | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion appears to be time-barred, and the Court will order movant to show cause why the motion should not be summarily dismissed.

On February 25, 2005, movant pled guilty to being a felon in possession of a firearm. On September 13, 2005, the Court sentenced movant to 180 months' imprisonment. Movant did not appeal.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief. However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Day v. McDonough*, 547 U.S. 198, 210 (2006).

Title 28 U.S.C. § 2255(f) provides, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> * * *
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]

Movant contends that he was unconstitutionally classified as being an armed career criminal in possession of a firearm, in light of *Johnson v. United States*, ---S.Ct.---, 2015 WL 2473450 (June 26, 2015). In *Johnson*, the Court held that imposing an increased sentence under the ACCA's residual clause violates due process. *Id.* at *5, 11.

Movant's § 2255 motion is only timely if the Supreme Court has made *Johnson* retroactively applicable to cases on collateral review. The Court has not done so. Nothing in *Johnson* suggests that it is retroactively available. As a result, it appears that the motion is untimely.

Movant alternatively requests relief under 28 U.S.C. § 2241. Section 2241, however, is not available to him because his custodian is not located in this District. 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004).

Accordingly,

**IT IS HEREBY ORDERED** that, no later than twenty-one (21) days from the date of this Order, movant shall show cause in writing why the instant § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, this action will be dismissed.

Dated this 16th day of July, 2015.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE